June T. Monroe, State Bar No. 284763
Elise C. O'Brien, State Bar No. 245967
**FENNEMORE LLP**
18881 Von Karman Ave., Suite 1260
Irvine, CA 92612
Tel: (949) 752-2911 / Fax: (949) 752-0953
jmonroe@fennemorelaw.com
eobrien@fennemorelaw.com

Attorneys for Plaintiffs
1st Quality Produce, Inc.
CH Belt & Associates, Inc.
Delta Space Corp., dba Continental Processors

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1st QUALITY PRODUCE, INC., a California corporation; C. H. BELT & ASSOCIATES, INC., a California corporation dba SUNLEAF FOODS; DELTA SPACE CORP., a California corporation dba CONTINENTAL PROCESSORS,<br><br>Plaintiffs,<br><br>v.<br><br>REAL GOOD FOODS, LLC a Delaware limited liability company; THE REAL GOOD FOOD COMPANY, INC., a Delaware corporation; GERARD LAW, an individual; AKSHAY JAGDALE an individual; TIMOTHY S. ZIMMER, an individual,<br><br>Defendants. | CASE NO. 8:24-cv-01728<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**<br>1. **BREACH OF CONTRACT;**<br>2. **ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>3. **VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **RECEIPT OF PACA TRUST ASSETS;**<br>6. **DECLARATORY RELIEF** |

Plaintiffs 1st QUALITY PRODUCE, INC., C. H. BELT & ASSOCIATES, INC. dba SUNLEAF FOODS, and DELTA SPACE CORP., dba CONTINENTAL PROCESSORS (collectively referred to herein as "Plaintiffs") complain and allege as follows:

///

# I.

# JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff 1st QUALITY PRODUCE, INC. ("1st QUALITY") is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Fresno, State of California.

3. Plaintiff C. H. BELT & ASSOCIATES, INC., dba SUNLEAF FOODS ("C. H. BELT") is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Lake Forest, State of California.

4. Plaintiff DELTA SPACE CORP., dba CONTINENTAL PROCESSORS ("DELTA") is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Los Angeles.

5. Plaintiffs are informed, believe, and thereon allege that Defendant REAL GOOD FOODS, LLC, a Delaware limited liability company ("REAL GOOD FOODS"), is and during all times relevant herein was a company organized and doing business under the laws of the State of Delaware, and qualified to do business in California with its principal place of business located at 18901 Railroad St., City of Industry, California, 91748.

6. Plaintiffs are informed, believe, and thereon allege that Defendant THE REAL GOOD FOOD COMPANY, INC. ("RGF, INC."), is the parent company of REAL GOOD FOODS who during all times material herein was a member, manager, shareholder, parent and/or owner of REAL GOOD FOODS, and who maintains a principal place of business located in the City of Cherry Hill, State of New Jersey.

7. Plaintiffs are informed, believe, and thereon allege that Defendant GERARD LAW ("G. LAW"), is an individual who during all times material herein was an officer, director, member, manager, shareholder and/or owner of REAL GOOD FOODS, and who maintains a principal place of business located at 18901 Railroad St., City of Industry, California, 91748.

8. Plaintiffs are informed, believe, and thereon allege that Defendant AKSHAY JAGDALE ("JAGDALE"), is an individual who during all times material herein was an officer, director, member, manager, shareholder and/or owner of REAL GOOD FOODS, and who maintains a principal place of business located at 18901 Railroad St., City of Industry, California, 91748.

9. Plaintiffs are informed, believe, and thereon allege that Defendant TIMOTHY S. ZIMMER ("ZIMMER"), is an individual who during all times material herein was an officer, director, member, manager, shareholder and/or owner of REAL GOOD FOODS, and who maintains a principal place of business located at 18901 Railroad St., City of Industry, California, 91748.

10. G. LAW, JAGDALE, and ZIMMER are referred to collectively herein as the "Individual Defendants." REAL GOOD FOODS and RGF, INC. are referred to as the "Corporate Defendants" and with the Individual Defendants, referred to collectively herein as "Defendants."

11. Plaintiffs are informed, believe, and thereon allege that RGF, INC. and the Individual Defendants are and at all times material herein were, insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of REAL GOOD FOODS and/or the Corporate Defendants and who are and during relevant times herein were statutory trustees under the PACA in positions to control the perishable agricultural commodities, the sales proceeds of the perishable agricultural commodities and products thereof, assets acquired or maintained with those sales proceeds, and commingled assets (collectively "PACA Trust Assets") that are the subject of this lawsuit.

FENNEMORE LLP
ATTORNEYS AT LAW
IRVINE

**II.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Defendant Real Good Foods)**

12. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 11, inclusive, of this Complaint as though fully set forth herein.

13. Plaintiffs are informed, believe, and thereon allege that at all times relevant herein, REAL GOOD FOODS was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

14. Between on or about January 26, 2024, and March 13, 2024, in a series of transactions, Plaintiff 1st QUALITY sold and shipped perishable agricultural commodities to Defendant REAL GOOD FOODS at said Defendant's request, for which said Defendant agreed to pay 1st QUALITY in the principal amounts at least as great as the sum of $69,300.00.

15. At or about the date of each transaction described above, Plaintiff 1st QUALITY PRODUCE forwarded to Defendant REAL GOOD FOODS invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities, cumulatively totaling $69,300.00.

16. Plaintiff 1st QUALITY has repeatedly demanded that Defendant REAL GOOD FOODS pay the amounts due and owing under the invoices. However, said Defendant has failed and refused, and continues to fail and refuse, to pay Plaintiff 1st QUALITY for the produce purchased and no part of those sums due and owing has been paid.

17. Between on or about January 18, 2024, and February 21, 2024, in a series of transactions, Plaintiff C. H. BELT sold and shipped perishable agricultural commodities to Defendant REAL GOOD FOODS at said Defendant's request, for which said Defendant

1  agreed to pay C. H. BELT in the principal amounts at least as great as the sum of
2  $30,849.30.

3      18.    At or about the date of each transaction described above, Plaintiff C. H. BELT
4  forwarded to Defendant REAL GOOD FOODS invoices for said transactions setting forth
5  in detail the amounts owed by said Defendant for Defendant's purchase of the commodities,
6  cumulatively totaling $30,849.30.

7      19.    Plaintiff C. H. BELT has repeatedly demanded that Defendant REAL GOOD
8  FOODS pay the amounts due and owing under the invoices. However, said Defendant has
9  failed and refused, and continues to fail and refuse, to pay Plaintiff C. H. BELT for the
10 produce purchased and no part of those sums due and owing has been paid.

11     20.    Between on or about January 26, 2024, and May 6, 2024, in a series of
12 transactions, Plaintiff DELTA sold and shipped perishable agricultural commodities to
13 Defendant REAL GOOD FOODS at said Defendant's request, for which said Defendant
14 agreed to pay C. H. BELT in the principal amounts at least as great as the sum of
15 $446,262.98.

16     21.    At or about the date of each transaction described above, Plaintiff DELTA
17 forwarded to Defendant REAL GOOD FOODS invoices for said transactions setting forth
18 in detail the amounts owed by said Defendant for Defendant's purchase of the commodities,
19 cumulatively totaling $446,262.98.

20     22.    Plaintiff DELTA has repeatedly demanded that Defendant REAL GOOD
21 FOODS pay the amounts due and owing under the invoices. However, said Defendant has
22 failed and refused, and continues to fail and refuse, to pay Plaintiff DELTA for the produce
23 purchased and no part of those sums due and owing has been paid.

24     23.    Plaintiffs have performed all conditions, covenants and obligations required
25 to be performed by them under the agreements for sales of produce as set forth herein.

26     24.    As a direct and proximate result of the failure of Defendant REAL GOOD
27 FOODS to remit payment due to Plaintiff as described above, Plaintiff has suffered losses
28

in the cumulative amount of at least $546,412.28, plus recoverable attorney's fees and interest at the highest legal rate.

## III.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

25. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 24, inclusive of this Complaint as though fully set forth herein.

26. Plaintiffs at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and were valid PACA licensees operating under PACA license no. 20050358 for Plaintiff 1st QUALITY, PACA license no. 20060415 for Plaintiff C. H. BELT, and PACA license no. 19910734 for Plaintiff DELTA.

27. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

28. Plaintiffs are informed, believe, and thereon allege that during all times mentioned herein, REAL GOOD FOODS was engaged in the business of buying and selling perishable agricultural commodities as defined by PACA as 'dealers' in wholesale and jobbing quantities and were operating subject to licensure because it purchased at least 2,000 pounds of produce in a day. Specifically, for example, under 1st QUALITY's invoice no. 400762, REAL GOOD FOODS purchased 8,000 pounds of jalapenos. Likewise, under C. H. BELT's invoice no. SI-022220 , REAL GOOD FOODS purchased approximately 38,000 pounds of cauliflower rice and under DELTA's invoice no. 557036, REAL GOOD FOODS purchased approximately 6,000 pounds of broccoli florets. True and correct copies of these sample invoices are attached hereto as **Exhibit A**.

29. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Defendants, Plaintiffs became beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of

1  food or other products derived from perishable agricultural commodities, and any
2  receivables or proceeds from the sale of such perishable agricultural commodities or
3  products or assets derived therefrom.

4      30.    Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)],
5  Plaintiffs are informed and believe and thereon allege that Plaintiffs have performed and
6  fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least
7  $546,412.28 as separately set forth above, for the perishable agricultural commodities sold
8  to Defendant REAL GOOD FOODS, all of which remains past due and unpaid.

9      31.    Specifically, Plaintiffs preserved their statutory trust rights under PACA by
10 providing the following written notice of Plaintiffs' intent to preserve Plaintiffs' PACA
11 trust rights on the face of each invoice: "The perishable agricultural commodities listed on
12 this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable
13 Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)).  The seller of these commodities
14 retains a trust claim over these commodities, all inventories of food or other products
15 derived from these commodities, and any receivables or proceeds from the sale of these
16 commodities until full payment is received."

17     32.    Plaintiff C. H. BELT's invoices also contain the following written terms
18 providing for recovery of attorney's fees on the face of each of the invoices submitted to
19 Defendants: "should any action be commenced between the parties to this contract
20 concerning the sums due or the rights and duties of any party to this contract or the
21 interpretation of this contract, the prevailing party shall be entitled to, in addition to such
22 other relied as may be granted, an award for the actual attorney's fees and costs in brining
23 in the action and/or enforcing any judgment granted in the action."  Likewise, Plaintiff
24 DELTA's invoices also contain the following written terms providing for recover of
25 attorney's fees on the face of each of the invoices submitted to Defendants:  "If it becomes
26 necessary to retain an attorney to enforce collection, buyer shall be liable for reasonable
27 attorney fee and cost."

28

33. Plaintiff C. H. BELT's invoices also contain the following written terms providing for recovery of finance charges on unpaid balances: "1.5% percent per month (18% annually), or the highest rate permitted by law, will be applied to all past due accounts." Plaintiff DELTA's invoices also contain terms providing for recovery of finance charges on unpaid balances: "past due accounts subject to a 1-1/2% monthly service charge." Plaintiff 1st QUALITY is entitled to statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b).

34. Terms described at paragraphs 32 and 33, above, were bargained-for terms of the contract and are sums owing in connection with the sales transactions that are the subject of this complaint.

35. Plaintiffs are informed and believe for the reasons alleged herein above, that Defendants are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiffs until full payment has been made to Plaintiffs. Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

36. Plaintiffs are informed, believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiffs on all inventories of products derived from perishable agricultural

commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

37. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiffs have suffered the cumulative loss of at least $546,412.28, plus recoverable attorney's fees and finance or interest charges in amounts to be determined, all of which qualifies for protection under the PACA trust.

## IV.

## THIRD CAUSE OF ACTION

**(For Violation of Perishable Agricultural Commodities Act: Failure to Account And Pay Promptly Against All Defendants)**

38. Plaintiffs hereby realleges and incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth herein.

39. Plaintiffs have repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly, and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

40. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiffs have suffered the loss of $546,412.28 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance or interest charges in amounts to be determined.

## V.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

41. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Plaintiffs are informed, believe, and thereon allege that during times relevant to this action, the Individual Defendants and RGF, INC. were the controlling officers, directors, members, managers, shareholders, parents and/or owners of Defendant REAL GOOD FOODS.

43. As the controlling officers, directors, members, shareholders and/or owners of Defendant REAL GOOD FOODS, the Individual Defendants and RGF, INC. had and continue to have a duty to ensure that Defendant REAL GOOD FOODS fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

44. Plaintiffs are informed, believe, and thereon allege that during times herein the Individual Defendants and RGF, INC. had full knowledge and responsibility for the handling of Defendant REAL GOOD FOODS' duties as trustees of the PACA trust.

45. Plaintiffs are informed, believe, and thereon allege that the Individual Defendants and RGF, INC. controlled or had and continues to have a duty to control Defendant REAL GOOD FOODS' operations and financial dealings, including those involving the PACA Trust Assets.

46. Plaintiffs are informed, believe, and thereon allege that Defendant REAL GOOD FOODS breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

47. Plaintiffs are informed, believe, and thereon allege that the Individual Defendants and RGF, INC. breached their fiduciary duties to direct Defendant REAL GOOD FOODS to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiffs for the produce they supplied to Defendants.

48. As a direct and proximate cause and result of Defendants' breach of their fiduciary duties, Plaintiffs have incurred damages in the cumulative amount of at least $546,412.28 plus recoverable interest and/or finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

49. As statutory PACA trustee, the Individual Defendants are jointly and severally personally liable to Plaintiffs for the breach of fiduciary duty in dissipating the PACA trust to the extent of $546,412.28, less any monies Plaintiffs receive from the PACA Trust Assets.

## VI.

## FIFTH CAUSE OF ACTION

**(For Receipt of PACA Trust Assets Against All Defendants)**

50. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. All assets of Defendant REAL GOOD FOODS are presumptive PACA Trust Assets, and rightfully belonging to Plaintiffs.

52. Defendants had actual or constructive knowledge of the statutory trust under PACA, and therefore had a continuing duty to Plaintiffs.

53. Defendants knew that Defendant REAL GOOD FOODS was experiencing severe financial difficulties and was not able to promptly pay Plaintiffs in full for the purchase of produce, which failure to pay promptly is a violation of the PACA.

54. A benefit (the PACA Trust Assets) was conferred upon to Defendants, for their own use or benefit, through mistake, fraud, coercion, request, or unjust conduct and Defendants knowingly accepted and retained the benefit, resulting in Defendants being unjustly enriched.

55. Defendants transferred and received PACA Trust Assets to their own use at times when they knew, or should have known, that such PACA Trust Assets were held in trust for the benefit of Plaintiffs.

56. Defendants' receipt and possession of the PACA Trust Assets rightfully belonging to Plaintiffs was a violation of the PACA and were done with knowledge that Defendants was in breach of the PACA trust.

57. Defendants receive PACA Trust Assets subject to Plaintiffs' PACA trust rights.

58. Defendants' receipt of assets impressed with Plaintiffs' rights has caused Plaintiffs to incur compensatory damages.

59. As a direct and proximate result of Defendants' breach of its duty under PACA to Plaintiffs or Defendants' unjust conduct or receipt of a benefit (PACA Trust Assets), Plaintiffs have suffered compensatory damages in the principal amounts set forth above, and are liable to Plaintiffs for these amounts, plus statutory interest or contractual finance charges, and any recoverable attorney's fees and costs pursuant to the terms of the written agreements with each relevant Plaintiffs.

## VII.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

60. Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 59, inclusive, of this Complaint as though fully set forth herein.

61. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiffs contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiffs until Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

62. Plaintiffs seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiffs are a beneficiary. Plaintiffs would show that any perfected security interest which

a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiffs.

63. Further, Plaintiffs seek a declaratory judgment from this Court establishing (1) that, in the event of a future bankruptcy filing, the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiffs' trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION
### (For Breach of Contract)

1. For damages in the cumulative amount of $546,412.28 as against Defendant REAL GOOD FOODS;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st Quality and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT.

4. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA.

5. For reasonable attorney's fees and costs of suit incurred herein for Plaintiffs; and,

6. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA)

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiffs in the cumulative amount of $546,412.28 as against Defendants;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st QUALITY and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT;

4. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA.

5. For reasonable attorney's fees and costs of suit incurred herein for Plaintiffs; and,

6. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1. For damages in the combined amount of $546,412.28 as against Defendants;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $546,412.28 as against Defendants, jointly and severally;

3. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st QUALITY and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

4. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT;

5. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA; and,

6. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty)

1. For judgment, jointly and severally, against Defendant REAL GOOD FOODS and The Individual Defendants, and in favor of the Plaintiffs in the amount of $546,412.28;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st QUALITY and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT;

4. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA.

5. For reasonable attorney's fees and costs of suit incurred herein for Plaintiffs; and,

6. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Receipt of PACA Trust Assets)

1. For damages in the principal amount of $546,412.28 as against Defendants, and each of them, jointly and severally;

2. For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st QUALITY and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT;

4. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA.

5. For reasonable attorney's fees and costs of suit incurred herein for Plaintiffs; and,

6. For such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief)

1. For a declaratory judgment establishing that:

(a) In the event of a future bankruptcy filing, the PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b) The Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

1    (c)    Only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2.    For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sum of $546,412.28 as against Defendants, and each of them, jointly and severally;

3.    For interest at the highest legal rate from the date the obligation became due and payable to Plaintiff 1st QUALITY and statutory pre-judgment at the rate of 10% per annum pursuant to California Civil Code Section 3289(b) from the date the obligation became due and payable to Plaintiff 1st QUALITY;

4.    For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff C. H. BELT and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff C. H. BELT;

5.    For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff DELTA and at the rate of 18% per annum from the date the obligation became due and payable to Plaintiff DELTA.

6.    For reasonable attorney's fees and costs of suit incurred herein for Plaintiffs; and,

7.    For such other and further relief as this Court deems proper.

Respectfully submitted,

FENNEMORE LLP

Dated:  August 7, 2024         /s/  June Monroe
                               June Monroe
                               Attorneys for Plaintiffs
                               1st Quality Produce, Inc. and CH Belt &
                               Associates, Inc., dba Sunleaf Foods

**JURY DEMAND**

Plaintiffs 1st Produce, Inc., C. H. Belt & Associates, Inc. dba Sunleaf Foods, and Delta Space Corp., dba Continental Processors respectfully demand a jury trial in this matter.

Respectfully submitted,

FENNEMORE LLP

Dated: August 7, 2024        /s/ June Monroe
June Monroe
Attorneys for Plaintiffs
1st Quality Produce, Inc., CH Belt & Associates, Inc., dba Sunleaf Foods, and Delta Space Corp., dba Continental Processors